UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00030-RJC

| | |
|---|---|
| CARL WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Carl Well's ("Plaintiff's") Motion for Summary Judgment, (Doc. No. 11); his Memorandum in Support, (Doc. No. 12); Nancy A. Berryhill's ("Defendant's" or "Commissioner's") Consent Motion for Extension of Time, (Doc. No. 13); Defendant's Motion for Summary Judgment, (Doc. No. 14); Memorandum in Support, (Doc. No. 15); and Plaintiff's Response, (Doc. No. 16).

I. BACKGROUND

A. Procedural Background

Plaintiff seeks judicial review of Defendant's denial of his social security claim. (Doc. No. 1). On April 25, 2013, Plaintiff filed his application for a period of disability

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act, 42 U.S.C. § 405 et seq. (Doc. Nos. 9 to 9-9: Administrative Record ("Tr.") at 181–90). In his application, Plaintiff alleged an onset date of March 14, 2013. (Tr. 181). Plaintiff's application was denied initially and upon consideration. (Tr. 10, 109-114, 117-124).

On August 27, 2015, a hearing was held in front an Administrative Law Judge ("ALJ"). (Tr. 25–58). On October 1, 2015, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 7–19). The Appeals Council denied review of the ALJ's decision on December 9, 2016, making the ALJ's opinion the final decision of Defendant. (Tr. 1–3). Plaintiff now appeals the ALJ's decision, requesting this Court to issue a remand pursuant to 42 U.S.C. §405(g).

B.  Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes from March 14, 2013, Plaintiff's alleged onset date, through October 1, 2015, the date of the ALJ's decision.[2] (Tr. 10). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert,

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

482 U.S. 137, 146 n.5 (1987). The ALJ ultimately concluded that Plaintiff was not under a disability at any point in the relevant timeframe. (Tr. 19).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
> (5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i–v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. at 18–19).

To begin with, the ALJ concluded that Plaintiff had not engaged in any substantial gainful activity from March 14, 2013, Plaintiff's alleged onset date. (Tr. 12). At the second step, the ALJ found that Plaintiff had the following severe impairments: "obesity, diabetes mellitus, coronary artery disease, narcolepsy, anxiety disorder, and depression." (Id.). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1." (Tr. 13).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: he must be able to alternate between sitting and standing every 30 minutes; he can occasionally climb ladders; he must avoid concentrated exposure to moving machinery and unprotected heights; he is limited to unskilled work; and he is limited to occasional public contact.

(Tr. 15). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Id.). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs [Social Security Rulings] 96-2p, 96-5p, 96-6p and 06-3p." (Id.).

At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work. (Tr. 18). Finally, at the fifth and final step, the ALJ concluded that, after "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (Id.). Therefore, the ALJ determined that Plaintiff was not disabled. (Tr. 19).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays

v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

As a preliminary matter, the Court notes that Defendant filed a Consent Motion for Extension of Time for her motion for summary judgment. (Doc. No. 13). The Court failed to address this consent motion prior to now. Since the filing of the consent motion, Defendant has submitted her Motion for Summary Judgment and a Memorandum in Support. (Doc. Nos. 14, 15). Because neither party objected to Defendant's request for more time, the Court will grant the consent motion and treat Defendant's subsequent filings as timely.

As for the summary judgment motions, Plaintiff raises three issues on appeal before the Court. Plaintiff argues that the ALJ erred by: (1) "failing to explain why Plaintiff's limitations due to narcolepsy and cataplexy were not incorporated into the RFC"; (2) "summarily assigning little weight to the medical opinion of Plaintiff's treating physician"; and (3) violating the rule of Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). (Doc. No. 12 at 4). Upon review the Court finds Plaintiff's third argument persuasive.

Here, the ALJ found that Plaintiff had moderate difficulties in concentration, persistence or pace ("CPP"). (Tr. 14). As such, limiting Plaintiff's RFC to merely unskilled work does not alone address any moderate limitations in that claimant's concentration, persistence or pace. "[T]he ability to perform simple tasks differs from the ability to stay on task." Mascio, 780 F.3d at 638. "Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. In light of Plaintiff's moderate limitation in CPP, the ALJ must either incorporate a

corresponding limitation into the claimant's RFC or explain why such a limitation is not necessary. Id.

In this case, the ALJ does not include a corresponding limitation to Plaintiff's moderate impairment in CPP.[3] Nor does the ALJ specifically discuss why Plaintiff's CPP does not warrant such a limitation in the RFC. The ALJ does reject several medical opinions that found Plaintiff' would have been off task 25% or more of the workday. (Tr. 17). The ALJ explained that such findings were inconsistent with the objective medical evidence of the record. (Id.). The ALJ also noted that Plaintiff's problems with depression seemed to diminish. (Id.). However, the ALJ does not connect Plaintiff's depression with his moderate limitation of CPP. Nor does the ALJ discuss Plaintiff's ability to stay on task.

"[T]he ALJ may find that the concentration, persistence, or pace limitation does not affect [a claimant's] ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert." Mascio, 780 F.3d at 638. Without such an explanation, though, the Court is left to guess as to how the ALJ determined his RFC conclusion and a remand is warranted. Id.

---

[3] For instance, the ALJ could have limited Plaintiff to non-production paced jobs, which courts have found adequately addresses moderate limitations in CPP. See, e.g., Sizemore v. Berryhill, 878 F.3d 72 (4th Cir. 2017); Jarek v. Colvin, No. 3:14CV620-FDW-DSC, 2015 WL 10097516, at *5 (W.D.N.C. Sept. 4, 2015), report and recommendation adopted, No. 314CV00620FDWDSC, 2016 WL 626566 (W.D.N.C. Feb. 16, 2016), aff'd, 672 F. App'x 332 (4th Cir. 2017); Michaels v. Colvin, No. 3:15CV388-RJC-DSC, 2016 WL 8710975, at *7 (W.D.N.C. Mar. 25, 2016), report and recommendation adopted, No. 315CV00388RJCDSC, 2016 WL 5478014 (W.D.N.C. Sept. 26, 2016), aff'd sub nom. Michaels v. Berryhill, 697 F. App'x 223 (4th Cir. 2017).

## IV. CONCLUSION

The Court **REVERSES and REMANDS** the Commissioner's decision pursuant to Sentence Four of 42 U.S.C. § 405(g) with instruction for further proceedings consistent with this order. Because the Court remanded this case on Plaintiff's third issue, it did not address Plaintiff's first or second arguments. As such, the ALJ should take note of Plaintiff's remaining arguments on remand.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Consent Motion for Extension of Time, (Doc. No. 13), is **GRANTED**;

2. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;

3. Defendant's Motion for Summary Judgment, (Doc. No. 14), is **DENIED**; and

4. The Clerk of Court is directed to close this case.

Signed: March 27, 2018

Robert J. Conrad, Jr.
United States District Judge